UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAURUS BARTLETT, p/k/a "Polo G," <br><br> Plaintiff, <br> Counter-Defendant, <br><br> v. <br><br> J. NOAH B.V. and JOZEF WANNO, <br><br> Defendants, <br> Counter-Claimants. | Case No. 23-CV-10345 (JMF) |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS
<u>COUNT SIX OF THE COUNTERCLAIMS</u>**

Plaintiff Taurus Bartlett, p/k/a "Polo G" ("Plaintiff") respectfully submits this Memorandum of Law in support of his motion to dismiss with prejudice Count Six of the Counterclaim of J. Noah, B.V. ("J. Noah").

## PRELIMINARY STATEMENT

Plaintiff is a successful recording artist, songwriter, and performer of rap music. Defendants J. Noah and Jozef Wanno ("Wanno") (together, "Defendants") purport to be in the business of booking live performances by musical artists.

Plaintiff's Complaint asserts causes of action for trademark infringement and related claims. The Complaint arises from Defendants' unauthorized and willful use of Plaintiff's name and image after numerous concert performances that were the subject of an alleged contract between Plaintiff and J. Noah (the "Alleged Contract") were validly cancelled due to factors including Plaintiff's injury.

In response to the Complaint, J. Noah has asserted Counterclaims against Plaintiff. The Counterclaims include two claims for breach of contract and one claim for breach of the implied covenant of good faith and fair dealing. However, as explained below, all three of these claims are premised upon the very same allegations. Under New York law, a party's claim for breach of the implied covenant of good faith and fair dealing cannot be premised upon the same allegations as its claim for breach of contract. Thus, J. Noah's claim for breach of the implied covenant of good faith and fair dealing should be dismissed with prejudice.

## PROCEDURAL HISTORY

On November 27, 2023, Plaintiff commenced this action. ECF No. 1. Plaintiff's Complaint alleges ten causes of action emanating from Defendants' unauthorized and unlawful use of Plaintiff's name, likeness, and trademark, including False Designation of Origin,

1

15 U.S.C. § 1125(a), False Advertising, 15 U.S.C. § 1125(a)(1)(B), Trademark Infringement, 15 U.S.C. § 1114, violation of New York Civil Rights Law § 51, Violation of the Deceptive and Unfair Trade Practices Act, New York General Business Law § 349, Common Law Unfair Competition, Violation of California Civil Code § 3344, Violation of California Common Law Right of Publicity, Unfair Competition Under California Business and Professions Code § 17200, and a Declaratory Judgment. *Id.* at 8–18.

J. Noah was served with process via the Hague Convention. ECF No. 20. However, Plaintiff was unable to serve Wanno through the Hague Convention. On September 10, 2024, the parties filed a stipulated joint motion with the Court, which included a representation by Defendants' counsel Mr. Rosen that he accepted service of process on behalf of J. Noah and Wanno. The Court granted the stipulated joint motion that same day. ECF No. 41.

On October 25, 2024, Defendants filed a motion to dismiss on the ground that this Court purportedly lacked personal jurisdiction over them. ECF No. 42. On January 13, 2025, the Court entered an Order denying the motion to dismiss. ECF No. 48.

On February 25, 2025, Defendants filed their responsive pleading in this action. ECF No. 57. This pleading contains an Answer to the Complaint on behalf of both Defendants, as well as Counterclaims against Plaintiff that are solely asserted by J. Noah. J. Noah's Counterclaims purport to assert six separate claims. They are: Breach of Express Written Agreements (Count One); Breach of Express Oral Agreements (Count Two); Breach of Implied in Law Agreement – Unjust Enrichment (Count Three); Breach of Implied-In Fact Agreement (Count Four); Promissory Estoppel (Count Five); and Breach of the Duty of Good Faith and Fair Dealing (Count Six). In sum, the Counterclaims allege that Plaintiff purportedly cancelled without justification eleven live performances that were the subject of an alleged contract

between Plaintiff and J. Noah. The Counterclaims seek damages in the form of: (1) monies that J. Noah allegedly paid Plaintiff in advance of the concert; (2) expenses that J. Noah allegedly incurred in connection with the scheduled concerts; and (3) lost profits. Plaintiff strongly disputes these allegations and solely treats them as true for purposes of this Rule 12(b)(6) motion, as it must.

## SUMMARY OF THE COUNTERCLAIMS

J. Noah's claim for Breach of the Duty of Good Faith and Fair Dealing in Count Six is premised on the very same allegations as its claims for breach of contract in Count One and Count Two of the Counterclaims.

*First*, Count Six alleges Plaintiff breached the implied covenant of good faith and fair dealing by "retaining . . . $148,750 [in] deposit monies paid to secure [Bartlett's] performance." Countercl. ¶ 53(A). This is the same alleged act underlying J. Noah's breach of contract claims. *Cf.* Countercl. ¶ 14 (alleging that J. Noah sustained actual damages of $148,750 pertaining to the unrefunded performance deposits), Countercl. ¶ 27 (alleging that Bartlett materially breached a series of oral agreements by retaining the $148,750 deposit monies).

*Second*, Count Six alleges that Bartlett "fail[ed] to reimburse J. NOAH its expenses incurred for the tour." Countercl. ¶ 53(B). This is also duplicative of the breach-of-contract allegations in Count One and Count Two. *See* Countercl. ¶¶ 15, 28 (alleging that J. Noah suffered monetary damages for out-of-pocket expenses incurred in the preparation for the tour).

*Third*, Count Six alleges that Plaintiff purportedly concocted "phony excuses to unilaterally cancel the 11-city tour." Countercl. ¶ 53(C). Counts One and Two make the same allegations in purporting to allege claims for breach of contract. *Cf.* Countercl. ¶ 14 (alleging

Bartlett contrived various excuses as to why he cancelled the tour, all of which were false), Countercl. ¶ 20 (alleging that Bartlett provided false excuses for his non-performance).

*Fourth*, Count Six alleges that Plaintiff purportedly made "derogatory public statements in the national and international press against" J. Noah. Countercl. ¶ 53(E). Once again, Counts One and Two assert the same allegations. *Cf* Countercl. ¶ 20 (alleging that Bartlett made derogatory comments to national and international press), Countercl. ¶ 27 (alleging that Bartlett issued derogatory public statements against J. Noah).

## RULE 12(b)(6) STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. On a Rule 12(b)(6) motion, "the Court accepts as true all well-pled factual allegations, but does not credit 'mere conclusory statements' or '[t]hreadbare recitals of the elements of a cause of action.'" *Heller v. Bedford Cent. Sch. Dist.*, 144 F. Supp. 3d 596, 612 (S.D.N.Y. 2015), *aff'd*, 665 F. App'x 49 (2d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). As discussed below, Count Six of the Counterclaims fails to meet this standard to avoid dismissal.

## ARGUMENT

Under New York law, "parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." *Cruz v. FXDirectDealer, LLC,* 720 F.3d 115, 125 (2d Cir. 2013). "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a

breach of contract claim, based upon the same facts, is also pled." *Cruz*, 720 F.3d at 125 (alteration omitted). "Because the duty of good faith is an implied contractual term, a breach of the duty is merely a breach of the underlying contract. Raising both claims in a single complaint is, therefore, redundant. As a result, *every court* confronted with such a complaint brought under New York law has dismissed the claim for breach of the covenant of fair dealing." *W.S.A., Inc. v. ACA Corp.*, Nos. 94-CIV-1868, 94-CIV-1493 (CSH), 1996 WL 551599, at *9 (S.D.N.Y. Sept. 27, 1996) (internal quotations omitted) (emphasis added).

"[A]n implied-covenant claim is not a valid alternative theory of recovery 'when [it is] based on the exact same allegations' as a breach-of-contract claim, as it is here." *Alaska Elec. Pension Fund v. Bank of America Corp.*, 175 F. Supp. 3d 44, 64 (S.D.N.Y. 2016) (alteration in original) (quoting *Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*, No. 14-CV-9839 (JMF), 2015 WL 1809001, at *4 (S.D.N.Y. Apr. 20, 2015)). Consequently, a plaintiff's breach of the implied covenant of good faith and fair dealing claim must allege facts that differ from its breach of contract claim, or it will be dismissed. *ARI & Co., Inc. v. Regent Intern'l Corp.*, 273 F. Supp. 2d 518, 522 (S.D.N.Y. 2003).

Here, Count Six is entirely duplicative of the breach of contract claims asserted in Counts One and Two, because it is based on the same alleged conduct by Plaintiff and seeks the same relief. The allegations of wrongful retention of funds, failure to reimburse expenses, and unilateral cancellation through allegedly false excuses are fully encompassed by the breach of contract claims in Count One and Count Two. Thus, Count Six does not present any separate basis for relief, and it should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] A claim should be dismissed with prejudice when, as here, any amendment would be futile. *Stephens v. CMG Health*, 1998 WL 807933, 165 F.3d 14 (2d Cir. Nov. 18, 1998).

5

## **CONCLUSION**

Count Six in the Counterclaims should be dismissed with prejudice.

Dated: March 18, 2025
     New York, New York

                             ChaudhryLaw PLLC

                             By:    */s/ Jeffrey M. Movit*
                                     Jeffrey M. Movit
                                     147 West 25th Street, 12th Floor
                                   New York, New York 10001
                                   Tel: (212) 785-5550
                                   jeff@chaudhrylaw.com

                                   *Attorneys for Plaintiff Taurus Bartlett, p/k/a "Polo G"*

**CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1(c), I certify that Plaintiff's Memorandum of Law in Support of His Motion to Dismiss Count Six of the Counterclaims contains 1,551 words, excluding the parts of the document that are exempted by Local Rule 7.1(c). I certify that the count was obtained from the word-count feature of the word-processing program (Microsoft Word) used to prepare the document.


Dated: March 18, 2025
       New York, New York

                                                ChaudhryLaw PLLC

                                       By:   */s/ Jeffrey M. Movit*
                                                    Jeffrey M. Movit
                                                    147 West 25th Street, 12th Floor
                                                    New York, New York 10001
                                                    Tel: (212) 785-5550
                                                    jeff@chaudhrylaw.com

                                                    *Attorneys for Plaintiff*
                                                    *Taurus Bartlett, p/k/a "Polo G"*