## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

TAURUS BARTLETT p/k/a "POLO G",

        Plaintiff                              :

  -against-                                    23 Civ. 10345 (JMF)

J. NOAH, B.V. and JOZEF WANNO,        :

        Defendants

                                      x

J. NOAH, B.V.,

        Counter-Claimant        **[PROPOSED] ORDER**

                                      x

  -against-

TAURUS BARTLETT p/k/a/ "POLO G"      x

        Counter-Defendant

-----------------------------------------------------------x

      AND NOW, to wit, as of this _____ day of _____, 2025, upon due consideration, it is hereby ORDERED and DECREED that Plaintiff Taurus Bartlett's Rule 12(b)(6) Motion to Dismiss Count VI of the Counterclaim is DENIED.

                              **BY THE COURT:**

                              _____

                              **HON. JESSE M. FURMAN**
                              **U.S. DISTRICT COURT JUDGE**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

TAURUS BARTLETT p/k/a "POLO G",

        Plaintiff                        :

  -against-                                           23 Civ. 10345 (JMF)

J. NOAH, B.V. and JOZEF WANNO,          :

        Defendants

J. NOAH, B.V.,

        Counter-Claimant          **COUNTER-CLAIMANT'S RESPONSE**
                                                   **TO MOTION TO DISMISS COUNT VI**
  -against-                                           **OF THE COUNTERCLAIM**

TAURUS BARTLETT p/k/a/ "POLO G"

        Counter-Defendant

-----------------------------------------------------------------------------------------------------------------

To the Honorable Court:

      For the reasons set forth in the accompanying Memorandum of Law, your Counter-Claimant, J. Noah B.V. (hereinafter "J Noah") respectfully requests that this Court deny Counter-Defendant's motion to dismiss Count VI of the Counterclaim.

Dated: April 15, 2025                    /Simon J. Rosen, Esq./
                                                  Law Office of Simon Rosen, PLC
                                                  Counsel for Counter-Claimant

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

TAURUS BARTLETT p/k/a "POLO G",

        Plaintiff         :

  -against-                              23 Civ. <u>10345</u> (JMF)

J. NOAH, B.V. and JOZEF WANNO,        :

        Defendants

J. NOAH, B.V.,

        Counter-Claimant        **COUNTER-CLAIMANT'S RESPONSE**
                                                       **TO MOTION TO DISMISS COUNT VI**
  -against-                              **OF THE COUNTERCLAIM**

TAURUS BARTLETT p/k/a/ "POLO G"

        Counter-Defendant

-----------------------------------------------------------------------------------------------------------------------

To the Honorable Court:

      For the reasons set forth in the accompanying Memorandum of Law, your Counter-Claimant, J. Noah B.V. (hereinafter "J Noah") respectfully requests that this Court deny Counter-Defendant's motion to dismiss Count VI of the Counterclaim.

Dated: April 15, 2025                    /Simon J. Rosen, Esq./
                                                  Law Office of Simon Rosen, PLC
                                                  Counsel for Counter-Claimant

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

TAURUS BARTLETT p/k/a "POLO G",

      Plaintiff                         :

  -against-                                            23 Civ. 10345 (JMF)

J. NOAH, B.V. and JOZEF WANNO,         :

      Defendants

J. NOAH, B.V.,

      Counter-Claimant

  -against-

TAURUS BARTLETT p/k/a/ "POLO G"

      Counter-Defendant

-------------------------------------------------------------------------------------------------------------------

**MEMORANDUM OF LAW**

To the Honorable Court:

    COMES NOW your Counter-Claimant, J. Noah B.V. (hereinafter "J Noah"), who through its counsel, Simon J. Rosen, Esq., of Law Office of Simon Rosen, PLLC, respectfully argues as follows:

    I.    **ARGUMENT: THE MOTION TO DISMISS COUNT VI OF THE COUNTERCLAIM SHOULD BE DENIED BECAUSE ADDITIONAL SALIENT FACTS ARE PLEADED, THEREBY ESTABLISHING A PLAUSIBLE DISTINCT CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

    In support of its dismissal claim, movant relies upon the 2nd Circuit's ruling in *Cruz v. FXDirectDealer, LLC,* 720 F.3d 115 (2nd Cir. 2013) and its progeny. Movant's reliance is misplaced.

        *Cruz* is rooted in racketeering – it is a R.I.C.O. case. Tangential to the RICO-

4

related claim are claims for breach of express written contract and breach of implied covenant of good faith and fair dealing.  Significantly, and clearly distinguishable from our case here, the 2nd Circuit in *Cruz* held that the breach of contract claim and the breach of implied covenant of good faith and fair deal claims were, "… **based upon the same facts**", hence, in essence, duplicative.   The breach of contract claims asserted by Cruz were based upon the same deceptive practices upon which the R.I.C.O. claim was based.  The facts giving rise to both claims were identical. See Movant's Memorandum of Law.

    Bartlett's argument is fatally flawed because unlike the facts Cruz and its progeny, J NOAH's claim for breach of duty of good faith and fair dealing is based upon **separate facts, distinct and apart** from the four corners of the breach of contract claim set forth in its Counterclaim.

    Bartlett's Memorandum of Law argued,

> "Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." *Harris v. Provident Life & Accident Ins. Co.,* 310 F.3d 73, 80 (2d Cir.2002) (quotation marks omitted). "New York law ... does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, **based upon the same facts,** is also pled." *Id.* at 81. [**Emphasis Added**] Therefore, when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing **based on the same facts**, the latter claim should be dismissed as redundant. [**Emph. adde**] *See L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 434 n. 17 (2d Cir.2011). Here, Cruz's claim for breach of the implied covenant of good faith and fair dealing and his breach of contract claim clearly rest on the same alleged deceptive practices, *see* J.A. 58, 60, so the claims are redundant."

    The cases cited above are clearly distinguishable from this case at bar, because the breach of contract claim rests upon the four corners of the contract, while the claim for breach of implied covenant of good faith relies upon separate acts which are not elements of J NOAH's breach of contract claim.

5

The applicable well-pled facts in Count VI of the Counterclaim are:

"53. Defendant breached his obligation of good faith and fair dealing, inclusive but not limited to:

A) . . .

B) . . .

C) Concocting phony excuses to unilaterally cancel the 11-city tour;

D) Concocting a phony excuse to file a civil action against Counter-Claimant;

E) Making derogatory public statements in the national and international press against J-NOAH;

F) Failing to make any effort to appear at **any** live performances as agreed in regard to the 11-city European tour;  . . ."

Although **some** of these facts appeared in Count One, **these facts did not speak to the elements upon which the breach of express written contract claim was based**!

J NOAH's Count I for breach of express written agreement are based upon these simple facts:

1. The parties entered into Eleven (11) separate written agreements for 11 live performances by Counter-Defendant;

2. Counter-Claimant performed under the agreement by timely paying the required deposit monies to secure Counter-Defendant's performances;

3. Counter-Defendant failed to perform;

4. Damages ensued.

he cases cited by movant all stand for the proposition that where the breach of written agreement and breach of implied covenant of good faith and fair dealing involve the same facts, the implied covenant claim is merely redundant.

6

Conversely, J NOAH's breach of implied covenant of good faith and fair dealing claim (Count VI) is based in relevant part upon:

1. Counter-defendant's concocting phony excuses to unilaterally cancel the tour;

2. Counter-Defendant's concocting phony excuses to launch a federal civil action against J NOAH and Jozef Wanno for, <u>inter alia</u>, violation of the Lanham Act;

3. Counter-Defendant's derogatory public statements in national and international press against J NOAH;

4. Failing to make "any effort" to perform under the Agreement.

In order to prove its breach of contract claim, J NOAH does not need to prove that Bartlett concocted phony excuses to cancel the tour.

In order to prove its breach of contract claim, J NOAH does not need to prove that Bartlett concocted phony excuses to launch this civil action against J NOAH and Wanno.

In order to prove its breach of contract claim, J NOAH does not need to prove that Barlett made derogatory statements in national and international press against J NOAH.

In order to prove its breach of contract claim, J NOAH does not need to prove that Bartless failed to make any effort whatsoever to perform under the Agreement.

Count VI exists because the egregiousness of Bartlett's conduct specifically speaks to an independent claim of violation of implied covenants to act in good faith, and to deal fairly with J NOAH.

The well-settled law in this area mandates that in adjudicating a motion to dismiss under Rule 12(b)(6), the factual allegations shall be deemed as true, and all reasonable inferences shall be drawn in favor of the plaintiff [Counter-Claimant].

See, e.g., *City of New York v. Beretta U.S.A. Corp.,* 524 F.3d 384, 392 (2d Cir. 2008), *cert. denied,* 129 S.Ct. 1579, 173 L.Ed.2d 675 (2009).

As applied here, J NOAH's claim for breach of implied covenant of good faith and fair dealing must merely be "plausible". See, e.g., *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

For the past century, under New York law an implied covenant of good faith and fair dealing prohibits a party to a contract to do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract. *See, e.g., Kirke La Shelle Co. v. Paul Armstrong Co.*, 263 N.Y. 79, 87, 188 N.E. 163, 167 (1933). Where a party's acts so directly destroy the value of the contract for another party that the acts may be presumed to be contrary to the intention of the parties, the implied covenant of good faith may be implicated. See *Roli-Blue, Inc. v. 69/70th Street Assocs.,* 119 A.D.2d 173, 506 N.Y.S.2d 159 (1st Dep't 1986).

In sum, looking at this matter in a light most favorable to respondent J NOAH, with all reasonable inferences drawn therefrom in favor of respondent, it is respectfully submitted that J NOAH has a plausible justiciable claim against Bartless for breach of implied covenant of good faith and fair dealing this Court should properly rule that Counter-Defendant's 12(b)(6) motion to dismiss should be rightfully denied. Accordingly, Count VI of the Counterclaim should remain intact, and Bartlett's Rule 12(b) motion should fail.

**II.  CONCLUSION**

For the above-stated reasons, Counter-Defendant's Rule 12(b)(6) motion to dismiss Count VI of the Counterclaim should be DENIED.

Dated: April 15, 2025                    Respectfully submitted,

**LAW OFFICE OF SIMON ROSEN, PLLC**
**By: /Simon J. Rosen, Esq./**
Counsel for J. NOAH, B.V.
Counter-Claimant/Respondent

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

J. NOAH, B.V.,
        Counter-Claimant        No. 23-10345 (JMF)

 -against-

TAURUS BARTLETT p/k/a/ "POLO G"      **CERTIFICATE OF SERVICE**

       Counter-Defendant
-----------------------------------------------------------

    I, Simon J. Rosen, Esq., attorney for Counter-Claimant J. NOAH, B.V., hereby Certify that a true and correct copy of Response to Motion to Dismiss Count VI of Counterclaim and accompanying papers was duly served upon opposing counsel through the Court's ECF system, and by separate email to Attorney Movit and Attorney Mungai on April 15, 2025.

   Dated: April 15, 2025         Respectfully submitted,

                                         **LAW OFFICE OF SIMON ROSEN, PLLC**

                                         **By: /Simon J. Rosen, Esq./**
                                            Counsel for J. NOAH, B.V.
                                            Counter-Claimant

                                        128 Greenwood Avenue, 2nd Floor
                                        Wyncote PA 19095
                                        Tel. w (215)564-0212
                                              c (215)519-9514
                                      Email: SimonOnKey@aol.com