UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAURUS BARTLETT, p/k/a "Polo G,"

                Plaintiff,
                Counter-Defendant,

    v.

J. NOAH B.V. and JOZEF WANNO,

                Defendants,
                Counter-Claimants.

Case No. 23-CV-10345 (JMF)

**REPLY MEMORANDUM OF PLAINTIFF/COUNTER-DEFENDANT
TAURUS BARTLETT, p/k/a "POLO G," IN FURTHER SUPPORT
OF HIS MOTION TO DISMISS COUNT VI OF THE COUNTERCLAIMS**

Plaintiff and Counter-Defendant Taurus Bartlett, p/k/a "Polo G" ("Plaintiff") respectfully submits this Reply Memorandum in further support of his Motion to Dismiss with prejudice Count VI of the Counterclaims and in response to the Opposition of Defendant and Counter-Claimant J. Noah, B.V. ("Defendant").

## PRELIMINARY STATEMENT

Plaintiff's Motion addresses a straightforward issue. When, as here, a breach of contract claim and a breach of the implied covenant of good faith and fair dealing claim are based on the same alleged facts, the latter claim must be dismissed. Defendant does not take issue with this well-established principle of New York law.

Instead, Defendant wrongly argues that his breach of contract claim (hereinafter, the "Contract Claim") and his breach of the implied covenant of good faith and fair dealing claim (hereinafter, the "Covenant Claim") are based upon different facts. This argument is refuted by the Counterclaims themselves. The Counterclaims clearly show that Defendant alleges the same facts in support of both the Contract and Covenant Claims. Accordingly, Count VI of the Counterclaims should be dismissed.

## ARGUMENT

**I.   Defendant Concedes That Dismissal is Mandatory Under New York Law When, as Here, a Breach of Contract Claim and a Breach of the Implied Covenant of Good Faith and Fair Dealing Claim are Based on the Same Alleged Facts**

In Plaintiff's moving papers, he explained that "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." Mot. at 4–5 (quoting *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013)); *see also Sikarevich Family L.P. v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 166, 170 (E.D.N.Y. 2014) (same); *Harris v. Provident*

1

*Life and Acc. Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002) ("Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." (cleaned up)); *Funk v. Allstate Ins. Co.*, 2013 WL 6537031, at *4 (E.D.N.Y. Dec. 13, 2013) ("[W]hen a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." (citation and quotation marks omitted)); *Security Plans, Inc. v. CUNA Mut. Ins. Soc.*, 261 F.R.D. 4, 9 (W.D.N.Y. 2009) ("A claim of breach of the covenant is a theory of contractual breach, . . . rather than a separate cause of action.").

Plaintiff further explained that asserting both contract and covenant claims in the same pleading is redundant and therefore "every court confronted with such a complaint brought under New York law has dismissed the claim for breach of the covenant of fair dealing." *See* Mot. at 5 (quoting *W.S.A., Inc. v. ACA Corp.*, 1996 WL 551599, at *9 (S.D.N.Y. Sept. 27, 1996) (internal quotations omitted) (emphasis added)). Although Defendant references an irrelevant portion of the Second Circuit's decision in *Cruz* that involved RICO claims, *see* Opp. at 4, the relevant portion of the holding in *Cruz* is consistent with the large number of other cases in this Circuit that have addressed the same issue presented by *this* Motion. That is, "when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." *Cruz*, 720 F.3d at 125.

It is for this reason that Defendant's only other argument in its opposition papers is an incorrect contention that Defendant's Contract Claim and its Covenant Claim purportedly are premised upon different allegations. *See* Opp. at 5–8. This contention is incorrect, as explained in Plaintiff's moving papers, *see* Mot. at 3–5, and further elaborated below.

## II. Defendant's Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing Claims are Improperly Predicated on the Same Alleged Facts

In opposition to this Motion, Defendant wrongly asserts that his Contract Claim and his Covenant Claim are premised upon different allegations. This argument is refuted, however, by the actual allegations in its Counterclaims. As Plaintiff explained in his moving papers:

> *First*, Count Six alleges Plaintiff breached the implied covenant of good faith and fair dealing by "retaining . . . $148,750 [in] deposit monies paid to secure [Bartlett's] performance." Countercl. ¶ 53(A). This is the same alleged act underlying J. Noah's breach of contract claims. *Cf.* Countercl. ¶ 14 (alleging that J. Noah sustained actual damages of $148,750 pertaining to the unrefunded performance deposits), Countercl. ¶ 27 (alleging that Bartlett materially breached a series of oral agreements by retaining the $148,750 deposit monies).
>
> *Second*, Count Six alleges that Bartlett "fail[ed] to reimburse J. NOAH its expenses incurred for the tour." Countercl. ¶ 53(B). This is also duplicative of the breach-of-contract allegations in Count One and Count Two. *See* Countercl. ¶¶ 15, 28 (alleging that J. Noah suffered monetary damages for out-of-pocket expenses incurred in the preparation for the tour).
>
> *Third*, Count Six alleges that Plaintiff purportedly concocted "phony excuses to unilaterally cancel the 11-city tour." Countercl. ¶ 53(C). Counts One and Two make the same allegations in purporting to allege claims for breach of contract. *Cf.* Countercl. ¶ 14 (alleging Bartlett contrived various excuses as to why he cancelled the tour, all of which were false), Countercl. ¶ 20 (alleging that Bartlett provided false excuses for his non-performance).
>
> *Fourth*, Count Six alleges that Plaintiff purportedly made "derogatory public statements in the national and international press against" J. Noah. Countercl. ¶ 53(E). Once again, Counts One and Two assert the same allegations. *Cf.* Countercl. ¶ 20 (alleging that Bartlett made derogatory comments to national and international press), Countercl. ¶ 27 (alleging that Bartlett issued derogatory public statements against J. Noah).

3

Mot. at 3–4.[1]  In the hope of avoiding dismissal, Defendant attempts to re-write the Counterclaims' allegations in its Opposition Brief.[2]  *See* Opp. at 6–7.  Specifically, Defendant is now picking and choosing which allegations apply to Count I and which apply to Count VI, *see id.*, despite the Counterclaims explicitly contradicting Defendant's representation in its opposition papers.  *See supra* at 3.  Moreover, the rationale offered to support Defendant's attempted rewrite is unsupported by law—that is, that the Court should only consider facts that "speak to the elements" of the relevant cause of action.  *See* Opp. at 6.  Case law makes clear that the important consideration is *what is pled*, *Cruz*, 720 F.3d at 125, not the elements of the causes of action, and courts need not attempt to parse allegations into different elemental brackets to help a claimant's cause of action evade dismissal pursuant to Rule 12(b)(6).

Because Defendant's attempted re-write of its allegations through its opposition papers is improper, it should be disregarded.  *Dawson v. Bumble & Bumble*, 246 F. Supp. 2d 301, 316 (S.D.N.Y. 2003) ("Dawson's purported clarification effectively endeavors to rewrite or amend the Complaint through her opposition brief, a procedure not permitted by the Federal Rules"); *accord Travelers Indem. Co. v. United States Fire Ins. Co.*, 2024 WL 295355, at *5 (S.D.N.Y. Jan. 25, 2024).

---

[1] Only one allegation—that Plaintiff concocted "phony excuses to launch a federal action against" Defendants, Opp. at 7—is contained in the Counterclaims in support of Count VI, but not in support of Count I.  This allegation, however, is irrelevant to any claim in the Counterclaims as a matter of law and is also inapplicable because nothing in the parties' contract precludes the commencement of litigation either expressly or implicitly.  (*See* ECF No. 46-1).

[2] For example, Defendant, in its opposition papers, contends that the facts that support Count I are simply "(1) The parties entered into eleven separate written contracts for [eleven] live performances by [Plaintiff];" (2) Defendant paid Plaintiff a deposit to secure Plaintiff's performances; (3) "[Plaintiff] failed to perform; [and] (4) Damages ensued."  *See* Opp. at 6.  These re-written allegations are distinct from what Defendant actually alleges in the Counterclaims, as discussed above.  *See supra* at 3.

4

## CONCLUSION

For the reasons provided herein, as well as in Plaintiff's moving papers, Count VI of Defendant's Counterclaims should be dismissed with prejudice.

Dated: April 22, 2025
New York, New York

          ChaudhryLaw PLLC

By:   */s/ Jeffrey M. Movit*
      Jeffrey M. Movit
      Justin Mungai

      147 West 25th Street, 12th Floor
      New York, New York 10001
      Tel: (212) 785-5550

      jeff@chaudhrylaw.com
      justin@chaudhrylaw.com

      *Attorneys for Taurus Bartlett, p/k/a "Polo G"*

**CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1(c), I certify that Plaintiff's Reply Memorandum of Law in Support of His Motion to Dismiss Count Six of the Counterclaims contains 1,396 words, excluding the parts of the document that are exempted by Local Rule 7.1(c). I certify that the count was obtained from the word-count feature of the word-processing program (Microsoft Word) used to prepare the document.

Dated: April 22, 2025
      New York, New York

                              ChaudhryLaw PLLC

                              By:   */s/ Jeffrey M. Movit*
                                    Jeffrey M. Movit
                                    147 West 25th Street, 12th Floor
                                    New York, New York 10001
                                    Tel: (212) 785-5550
                                    jeff@chaudhrylaw.com

                                    *Attorneys for Plaintiff*
                                    *Taurus Bartlett, p/k/a "Polo G"*