

147 West 25th Street, 12th Floor
New York, New York 10001
chaudhrylaw.com

June 18, 2025

**_Via_ ECF**

Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

   Re: ***Taurus Bartlett, p/k/a "Polo G" v. J. Noah, B.V. and Jozef Wanno***,
      **Case No. 23-CV-10345 (JMF)**

Dear Judge Furman:

  We are counsel for Plaintiff Taurus Bartlett, professionally known as "Polo G." We write to request a thirty-day (30) extension to the discovery schedule to facilitate settlement negotiations between the parties following the settlement conference held yesterday before Magistrate Judge Aaron. We also write to request a concomitant extension of other-related deadlines as explained below. Defendants J. Noah, B.V. and Jozef Wanno consent and join in this request.

  This is the parties' first request for an extension of the discovery schedule. Accordingly, there are no prior decisions granting or denying such a request. Pursuant to the Civil Case Management Plan and Scheduling Order (ECF No. 54), below are the current relevant deadlines:

- Close of fact discovery: June 26, 2025;
- Next pre-trial conference: July 2, 2025; and
- Close of expert discovery: August 11, 2025.

If the parties' request for an extension is granted, the new deadlines will be as follows:

- Close of fact discovery: July 28, 2025;[1]
- Next pre-trial conference: August 1, 2025; and
- Close of expert discovery: September 10, 2025.

---

[1] Thirty days from June 26, 2025, is July 26, 2025, which falls on a Saturday. The next business day is therefore July 28, 2025, which would serve as the deadline for the close of fact discovery.

Jeffrey M. Movit     jeff@chaudhrylaw.com     212.785.5550

      There is good cause to grant this extension request.  *First*, given that the fact discovery deadline is in eight days, the parties would be forced to continue (and likely complete) discovery while trying to negotiate a settlement.  The parties would therefore incur potentially unnecessary and significant costs for depositions and additional document discovery.  Declining to proceed with discovery at this juncture could prejudice both parties, especially if the parties are unable to resolve the dispute.  Accordingly, an extension allows the parties to try to resolve their claims in earnest while still preserving their right to pursue litigation if these efforts fall short.  *Second*, the amount of time requested is limited and appropriate.  Because the parties believe that settlement is a reasonable possibility, the request is tailored to facilitate resolution of the case.  Neither party is engaged in unnecessarily delaying the progress of the case.

      We appreciate the Court's consideration of this matter.

      Respectfully,

      */s/ Jeffrey M. Movit*

      Jeffrey M. Movit

cc: Simon Rosen (*via ECF*)